IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

EVERETT KIRK OGBURN,           )
Petitioner,                    )
                               )
v.                             )    CASE NO.: 3:03-CR-00205-04
                               )
UNITED STATES OF AMERICA,      )
Respondent.                    )

MOTION FOR LEAVE OF COURT TO FILE 28 U.S.C. § 2255
(f)(3) or (4) DUE TO NEW SUPREME COURT RULING

*[Handwritten annotations: RECEIVED IN CLERK'S OFFICE JUL 07 2014 U.S. DISTRICT COURT MID. DIST. TENN. ORDER This motion is DENIED without prejudice as this Court cannot grant this relief in a criminal action. ull/sd us/tw 7-18-14]*

The Petitioner, Everett K. Ogburn, files this Memorandum for relief of an unconstitutional sentence. In this Motion, Petitioner claims Constitutional Errors. See <u>United States v. Gaudin</u>, 515 U.S. 506, 510 (1995); specific violation of enhancements as in <u>Descamps v. United States</u>, 133 S. Ct. 2276 (2013). The Courts holding that it extended the Sixth Amendment Right to a jury trial to the facts that trigger or increase mandatory minimum sentneces.

Petitioner is challenging the career enhancement, as it is not an predicated crimes used to support Petitioner's § 851/Career Offender enhancement, and was not proved beyond an reasonable doubt with the State records. Petitioner argues the reliance upon the court determination as to whether there was sufficient basis for the enhancements, which is in violation of the Sixth Amendment.

## PRO SE STATUS

Petitioner is filing his Motion pro se, as a result, this court should construe his pleadings under a more liberal standard, than it would construe pleadings made by a well seasoned attorney. See <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).

Petitioner's § 2255 Motion should be allowed under the "Full and Fair Opportunity to Litigate" Fifth and Sixth Amendment Rules. <u>Stone v. Powell</u>, 428 U.S. 465 (1965) and <u>Townsend v. Sain</u>, 372 U.S. 293 (1963).

1